**Dated: June 22, 2020**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

___

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

In Re:

Brandon Wade Turney                                Case No. 18-80674-TRC
                                                   Chapter 7

        Debtor.

CM Heavy Machinery, Inc.

        Plaintiff,

vs                                                 Adv. No. 20-8001-TRC

Brandon Wade Turney

        Defendant.

### ORDER DENYING MOTION TO DISMISS

    Before the Court is Defendant Turney's Motion to Dismiss Amended Complaint to Revoke Discharge with Brief in Support (Docket Entry 19) and Plaintiff's Response thereto (Docket Entry 25). The Court conducted a telephonic hearing on this matter and heard arguments of both parties. Based upon the record, the Court agrees with Plaintiff that the Amended Complaint adequately states a claim for relief, therefore the motion to dismiss should be denied and the case be allowed to proceed.

**Relevant Facts and Procedural History**

Plaintiff filed this case on January 20, 2020 seeking to revoke Defendant's discharge pursuant to 11 U.S.C. § 727(d)(1). Defendant filed a motion to dismiss pursuant to Fed. R. Civ. App. 12(b)(6). This Court granted that motion but allowed Plaintiff time to file an amended complaint before dismissal. Plaintiff has filed the Amended Complaint now before the Court. Defendant alleges that this Complaint still fails to state a claim.

Plaintiff's charge is that it leased equipment to Turney Brothers Construction LLC ("Turney Bros.") which was used in the construction of oil and gas pipeline projects in Pecos County, Texas. Turney Bros. did not pay Plaintiff for the rental of equipment used in the construction projects. Defendant Brandon Turney was an officer of Turney Bros. during the relevant time frame. Near the time Turney's discharge was entered on January 21, 2019, Plaintiff learned that Turney Bros. received payments for its work on the construction projects from project owners which included payments for equipment rented from Plaintiff. Plaintiff alleges that Turney, as a member of the LLC, received and controlled these funds, but failed to include them on his bankruptcy schedules, and therefore obtained his discharge through fraud.

**Conclusions of Law**

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."[1] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] Bankruptcy Rule 7008 incorporates Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim to show that the pleader is

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).
[2] *Aschcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

entitled to relief." A court must accept as true all well-pleaded factual allegations of the complaint, even if doubtful, and must construe the allegations in a light most favorable to the claimant.[3] Dismissal under Rule 12(b)(6) is only appropriate "if the complaint alone is legally insufficient to state a claim."[4]

The elements of a claim to revoke a discharge pursuant to Section 727(d)(1) are that (1) the debtor obtained a discharge through fraud, and (2) the movant did not know of the fraud predischarge.[5] Both elements are required. Turney argues that the Amended Complaint fails to sufficiently allege facts satisfying either element. He argues that the Amended Complaint lacks specific allegations of fraud, and that he had no obligation to include in his schedules a receipt of funds on behalf of Turney Bros. He also argues that Plaintiff knew this information prior to the entry of his discharge, as stated in its Motion for Extension of Time to Object to Discharge filed in the main case.[6] Its failure to act on that information prior to the entry of discharge prevents Plaintiff from seeking to revoke his discharge.

The Amended Complaint alleges that Turney, as an officer of Turney Bros., received and controlled funds considered trust funds under Texas law beginning in 2014 through 2017 or 2018, yet failed to pay Plaintiff what Turney Bros. owed it out of those funds. Plaintiff alleges that it learned this information from persons who paid funds to Turney Bros. Turney did not include those funds or identify Turney Bros. as a source of income for 2016, 2017 or 2018 on his bankruptcy schedules. These omissions constitute fraud and allowed Turney to obtain his

---

[3] *Twombly*, 550 U.S. at 555; *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).
[4] *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017) (citation omitted).
[5] *McCarthy v. Nandalall (In re Nandalall),* 434 B.R. 258, 266 (Bankr. N.D.N.Y. 2010) (citation omitted).
[6] Case No. 18-80674, Docket Entry 79.

discharge in bankruptcy. Plaintiff points to Turney's Statement of Financial Affairs, which includes limited information regarding his connection to Turney Bros. He lists himself as a member of two different limited liability companies/partnerships within 4 years of filing bankruptcy. The first listed is Turney Bros Oilfield, oilfield services and pipelines. Turney failed to include its address, EIN, accountant or bookkeeper, and dates of operation. The second company is Bighorn LLC, a real estate business. Turney did provide its address in McAlester, Oklahoma and date of operation from 2016-2018. He did not identify an accountant or bookkeeper nor EIN for Bighorn LLC. Plaintiff does not state the amount Turney is alleged to have received on behalf of Turney Bros. but alleges that $206,000 is unaccounted for in Turney's bankruptcy schedules. Turney listed just $22,746 in income from operating a business in 2016, and $76,049 in wages, commissions, bonuses, and tips and $0 from operating a business in 2017.

      The Court finds that the Amended Complaint meets the minimum required to avoid dismissal. Construed in a light most favorable to Plaintiff, the allegations do contain information that suggest fraud by Turney in receiving and failing to remit funds pursuant to the Texas Construction Trust Fund Act and in failing to disclose funds or payments from or on behalf of Turney Bros. on his bankruptcy schedules. Plaintiff asserts that it attempted to learn what payments were made to Turney Bros. by its customers prior to the entry of Debtor's discharge but did not confirm the information until near the time of discharge. The Court acknowledges that Plaintiff has presented potentially contradictory information regarding the time it learned about Turney's receipt of funds and failure to disclose but believes this to be a fact question that would better be addressed in a dispositive motion. The Court also notes that courts disagree regarding the timing of filing a revocation of discharge action and strict application of § 727(d)(1)'s timing element when the objection deadline has passed but the discharge has not

been entered. At least one court in this circuit has allowed a revocation of discharge action under § 727(d) to proceed when the information supporting revocation is learned after the objection to discharge deadline has passed but the discharge has not yet been entered.[7] There are fact issues in this case and the Court finds that it should be allowed to proceed. However, the Court has serious reservations regarding Plaintiff's ability to successfully prosecute this action. The Amended Complaint contains the bare minimum required to overcome dismissal at this stage.

**Order of the Court**

    IT IS THEREFORE ORDERED that the Motion to Dismiss Complaint to Revoke Discharge filed by the Defendant (Docket Entry 10) is hereby **denied.**

    IT IS FURTHER ORDERED that this Defendant Brandon Turney is directed to file an answer within fourteen (14) days of the date of the entry of this Order.

###

---

[7] *Nazar v. Schowengerdt (In re Schowengerdt),* 2004 WL 2334727 (Bankr. D. Kan. February 19, 2004) (a party may properly file a complaint under § 727(d) to revoke the discharge for conduct occurring prior to the expiration of the FRBP 4004(a) period which the party did not discover in time to file a complaint under § 727(a).)